IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIE McCALL, #R5897**                                                                             **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 1:21-cv-39-TBM-RPM**

**ROBERT H. WALKER,** *Judge,*
***Circuit Court of Harrison County***                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court, *sua sponte*, for consideration of dismissal. *Pro Se* Plaintiff Willie McCall is an inmate of the Mississippi Department of Corrections and currently incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. He filed this suit pursuant to 42 U.S.C. § 1983. [1], pp. 2, 10. The named Defendant is Robert H. Walker, Judge, Circuit Court of Harrison County. *See* [1], pp. 1, 10. Judge Walker is a former circuit court judge for Harrison County. The Court, having liberally construed McCall's Complaint [1] in consideration with the applicable law, finds that this case should be dismissed. Judge Walker is entitled to judicial immunity from suit. Moreover, McCall's Section 1983 claims are barred under the *Heck* doctrine. Finally, to the extent that McCall's claims sound in habeas corpus, McCall has failed to obtain authorization to file a successive habeas petition.

**I. BACKGROUND**

McCall states that he was charged with capital murder and assault in the Circuit Court of Harrison County, Mississippi. [1], pg. 12. According to McCall, the jury returned a not-guilty verdict for the assault charge. *Id.* However, the jury did find McCall guilty of the capital murder charge even though McCall argues that he did not have two or more felony charges in order to be charged with capital murder. *Id.* at 12-13. At the sentencing phase of his criminal proceeding,

McCall claims that when the jury could not agree unanimously on the punishment, Defendant Judge Walker "took it upon hi[m]self" and sentenced McCall to life without parole. *Id.* at 12, 16. McCall thus believes he been "illegally detained [and] incarcerated." *Id.* at 12. He also argues that he is actually innocent, *id.* at 16, that he was entrapped, *id.* at 14, and a witness perjured herself. *Id.* at 13. McCall is suing for monetary damages and is also seeking to be "released from prison or for his charge to be changed from capital murder to manslaug[h]ter." *Id.* at 21.

## II. DISCUSSION

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since McCall is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915(e)(2). *See McCoy v. Dep't of Motor Vehicles of Raleigh, N.C.*, No. 5:18-CV-0813-OLG-HJB, 2018 WL 6796116, at *1 n.1 (W.D. Tex. Oct. 4, 2018) (explaining that "[s]ection 1915(e)(2) requires the Court to screen a complaint submitted IFP and dismiss the complaint if the Court determines that the action" falls under the three categories outlined in Section 1915(e)(2)(b)).

### A. Section 1983 Claims

1. Judicial Immunity

Initially, the Court will consider the applicability of the doctrine of absolute immunity concerning McCall's Section 1983 claims against Defendant Judge Walker. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (holding that a district court should "consider the possible

applicability of the doctrine of absolute immunity . . . as a threshold matter"). Judge Walker—as a then Circuit Court Judge for Harrison County—enjoyed absolute immunity from suit when performing acts within his judicial capacity. *Id.* (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). Claims of bad faith, malice, and corruption do not overcome absolute judicial immunity. *Mireles*, 502 U.S. at 11 (citations omitted). Nor will a judge be deprived of immunity because the action he took was in error or in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, *Mireles*, 502 U.S. at 11, or by showing that the actions were taken in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57. In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard,* 413 F.3d at 515 (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Applying the four *Ballard* factors to McCall's allegations, it is clear that the actions of Judge Walker were "judicial in nature." *Ballard*, 413 F.3d at 517. McCall complains that Judge Walker improperly sentenced him. A sentencing is a classic judicial action that meets all four *Ballard*

factors. Likewise, there are no claims that Judge Walker lacked jurisdiction to preside over criminal proceedings in the Circuit Court for Harrison County. *See* M<small>ISS</small>. C<small>ODE</small> § 9-7-81 (circuit court has original jurisdiction over state felony prosecutions). Defendant Judge Walker is entitled to absolute immunity from the claims asserted in this case, and McCall's claims against Defendant Judge Walker are dismissed as frivolous. *See Boyd*, 31 F.3d at 285 (finding that Section 1983 claims against state judge were "properly dismissed with prejudice as frivolous[,]" where inmate did "not complain of any actions taken by [the judge] that were nonjudicial in nature").

    2.   *Heck* Doctrine

Additionally, this Section 1983 action is subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed 2d 383 (1994). In *Heck*, the United States Supreme Court held that a claim which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 unless the "conviction or sentence has been reversed, invalidated, or otherwise set aside." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486–87). *Heck* applies to claims for monetary damages, declaratory judgment, or injunctive relief. *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that in addition to claims for damages, *Heck* applies to claims for declaratory relief and injunctive relief).

McCall's allegations challenge his conviction and sentence. *See* [1], pp. 5, 12-22. If McCall is successful in this Section 1983 action, it would necessarily imply the invalidity of his conviction and sentence. Because McCall's conviction and sentence have not been reversed, invalidated, or otherwise set aside, McCall cannot maintain these claims through Section 1983. Thus, along with Judge Walker's judicial immunity, this Complaint [1] should be dismissed also for failure to meet

4

*Heck*'s conditions. *See Heck*, 512 U.S. at 486–87; *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curium) (holding that a 42 U.S.C. § 1983 claim which essentially challenges a plaintiff's conviction and sentence cannot be maintained until the *Heck* requirement is met). McCall's Section 1983 claims are frivolous and fail to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii); *Randell v. Johnson*, 227 F.3d 300, 300-01 (5th Cir. 2000) (finding *Heck*-barred claims fail to state a claim upon which relief may be granted); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) (finding *Heck*-barred claims are "legally frivolous"); *Colvin v. LeBlanc,* No. 19-30888, 2021 WL 2562449, *3 (5th Cir. 2021) (reiterating that *Heck* does not pose a jurisdictional bar, and explaining that "[w]e have routinely characterized a *Heck* dismissal as one for failure to state a claim"); *Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019) (citing *Hamilton*, 74 F.3d at 102) (finding inmate's Section 1983 request for damages "are frivolous as barred by *Heck v. Humphrey*").

**B. Habeas Claims**

To the extent McCall now seeks as relief that his conviction and sentence be invalidated and he be released from incarceration, he must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Court should separate the habeas claims from the Section 1983 claims when possible. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). McCall previously filed a petition for habeas relief in this Court challenging his conviction and sentence for murder. *See McCall v.*

5

*Wilson*, Civil Action No. 1:03-cv-630 (S.D. Miss. Sept. 14, 2006). The Court denied McCall's previous petition and dismissed it with prejudice. *Id.* at [15], [16]. McCall, however, has not established that he has received authorization from the Fifth Circuit Court of Appeals to pursue his second or successive habeas petitions in this Court as required by 28 U.S.C. § 2244(b)(3)(A). *See Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) (noting that without authorization from a federal appellate court, a "district court has no jurisdiction to entertain a successive § 2254 petition"). Because he does not demonstrate that he has received authorization to proceed with a second or successive habeas petition, the Court will not separate McCall's habeas claims and file them as a new petition for habeas relief. Any habeas claims that McCall may be asserting in this civil action will be dismissed without prejudice to allow McCall to pursue authorization from the Fifth Circuit to file a successive habeas petition if he so chooses.

### III. CONCLUSION

Having liberally construed the pleadings and applicable law, the Court finds that McCall's Section 1983 civil claims should be dismissed as frivolous and for failure to state a claim. Any habeas claims McCall may have are dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED, for the reasons stated above, that McCall's Section 1983 claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that any habeas corpus claims asserted in this civil action are DISMISSED WITHOUT PREJUDICE.

THIS, the 14th day of December, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE